THE UNITED STATES, respondent, *v.* Fox, appellant.

CRIMINAL LAW — *right of speedy trial.*    The speedy trial to which a person charged with crime is entitled under the Constitution is a trial at such a time, after the finding of the indictment, regard being had to the terms of court, as shall afford the prosecution a reasonable opportunity, by the fair and honest exercise of reasonable diligence, to prepare for trial; and if the trial is delayed or postponed beyond such period, when there is a term of court at which the trial might be had, by reason of the neglect or laches of the prosecution in preparing for trial, such delay is a denial to the defendant of his right to a speedy trial, and in such case a party confined, upon application by *habeas corpus,* is entitled to discharge from custody.

*Appeal from Third District, Lewis and Clarke County.*

THE facts and authorities cited will appear in the opinion. No briefs filed.

CHUMASERO & CHADWICK and E. W. Toole, for appellant.

J. L. DRYDEN, U. S. district-attorney, for respondent.

WADE, C. J.   This is an application for a discharge from imprisonment on *habeas corpus*.

I will state sufficient of the facts to present the question to be determined.

It appears from the record that the defendant, George W. Fox, was cashier and one of the directors of the People's National Bank of Helena in the Territory of Montana; that at the November term, 1879, of the district court within and for the county of Lewis and Clarke sitting to hear and determine causes arising under the Constitution and laws of the United States, certain indictments were returned against Fox by the grand jury thereof, charging him with the crime of making false entries in the books of the bank, embezzlement, perjury and forgery; that at said November term he was tried upon one of said indictments, which trial resulted in a failure of the jury to agree, and thereupon at the same term another jury was impaneled, but before the close of the second trial, one of the jurymen becoming sick and unable to attend court, the jury was discharged and the cause continued for the term ; that at the March term, 1880, of said court, that being the next term thereof after the November term, the defendant demanded a trial upon the indictments aforesaid, and a designated day had, by the court, been assigned for such trials during said term; that in consequence of congress having failed to make the necessary appropriations of money to pay the expenses of marshals in serving process in such cases, and there being no money in the hands of the marshal, or in the treasury of the United States applicable to the payment of such expenses, the marshal of the Territory officially notified the judge of the court of his inability to further serve process by reason of the failure of congress to make the necessary appropriations of money for that purpose, which notice was entered of record and is as follows :

" Hon. D. S. WADE, *Chief Justice of Montana :*

DEAR SIR — I recently addressed a letter to the attorney-general referring to the failure of congress to pass the marshals' appropriation bill, stating that I had already advanced an inconveniently large sum to defray the actual expenses of executing process and asking what course I should pursue. In reply I have this day received a communication in which the following language is used:

'I can only say that if you feel that you have done the utmost that you can do in justice to yourself and your bondsmen, you are, in my opinion, fully justified in informing the judge of the court of your inability to execute process, so that which is returnable at the spring term may not issue. I regret that such a contingency should arise, and can only say that you have done extremely well in having conducted the business for two-thirds of a year without an appropriation.'

Accordingly this is to inform you that I will be unable to execute process on behalf of the United States until congress shall have made an appropriation for such services.

Very respectfully,
ALEX. C. BOTKIN,
*U. S. Marshal, Dist. Montana.*"

Whereupon the court of its own motion made and caused to be entered of record the following order :

" By reason of the foregoing, it is hereby ordered that all United States cases be continued for this March term of court, and United States grand and trial jurors summoned for the term are hereby notified that their services will not be required."

Thereupon the defendant, after the adjournment of said March term of court, made application to the judge of said court for his discharge from imprisonment upon *habeas corpus*, which was denied and he appeals to this court.

The ground upon which the petitioner bases his right to a discharge from imprisonment is that at the said March term of court he was ready for and demanded a trial upon said several indictments, and that the United States being plaintiff in the cases, and

charged with the duty of providing the necessary money therefor, and speedily prosecuting the same, failed, neglected and refused so to do at said March term, whereby the defendant was deprived of his constitutional right to a speedy trial.

1. Among the principles that adorn the common law, making it the pride of all English-speaking people, and a lasting monument to the noble achievements of liberty over the encroachments of arbitrary power, are the following : No man can be rightfully imprisoned except upon a charge of crime properly made in pursuance of the law of the land. No man, when so imprisoned upon a lawful charge presented in a lawful manner specifying the crime, can be arbitrarily held without a trial.

These principles are in accord with the enlightened spirit of the common law, and form a part of the framework of the English Constitution. They are guaranteed and secured by Magna Charta, the Petition of Rights, the Bill of Rights, and by a long course of judicial decision, and they belong to us as a part of our inheritance from the mother country. These rights were claimed by our ancestors in Colonial times, and they have been engrafted into and secured by our Constitution, the supreme law of the land, which, in article six of the amendments, provides :

ART. VI. " In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation ; to be confronted with the witnesses against him ; to have compulsory process for obtaining witnesses in his favor ; and to have the assistance of counsel for his defense."

Within the meaning of this article of the Constitution what is a speedy trial ?

At the time of the adoption of the Constitution the common law was in force in this country so far as applicable, and the terms used in that instrument ought to be construed with reference to their common-law meaning.

Some idea of the term, "speedy trial" at common law may be gathered from the fact that by that law, in order to insure the

trial of all prisoners within a certain time, a patent in the nature of a letter is issued from the king to certain persons appointing them his justices, and authorizing them to deliver his jails. Bouv. Law. Dic., title Gaol Delivery.

The jails are thus cleared and all offenders tried, punished or delivered twice in every year, 2 Blackst. Com., Book IV, 270, Shars. Ed.

And so it is but a reasonable inference that, at common law, if the prosecution, by its neglect and laches, fails to prosecute, and thereby detains a prisoner in jail, who ought but for such neglect to have been tried, such detention would be the denial of a speedy trial. By the common law the jails are cleared twice in each year in order to secure to the prisoners therein confined a speedy trial, and if by the neglect of the prosecution to prepare for trial they are imprisoned for a longer period than the law contemplates, this would be the denial of a speedy trial.

Neither the Constitution nor any law of congress, so far as I have been able to ascertain, fixes the time within which a person accused of crime and imprisoned shall be tried. But both the Constitution and the law. contemplate that a trial shall be had, after the lapse of such time as, in the exercise of reasonable diligence, may be required to prepare for trial. The adjudications upon this subject are not numerous, but a resort to general principles and the spirit of the law renders the problem easy of solution.

The law guards with jealous care the rights of a person charged with crime, and with equal care the right of the people, as a matter of security and safety, to have crime punished. Every step in a criminal prosecution must be according to law. There must be an indictment found and presented by a lawful grand jury specifying the precise charge to be tried. The accused shall be provided with counsel either by himself or the government, and he shall have the process of the court to compel the attendance of his witnesses. He is to be afforded an opportunity to prepare for his trial before an impartial jury, and when thus provided with all these means to secure a fair trial, if he, by his neglect, fails or refuses so to do, he cannot have the same postponed or put over because he is not ready for a trial.

And so on the other hand the law will not tolerate any neglect or laches on the part of the prosecution in bringing a defendant to trial. Especially is this the case, and the principle applies with stronger force, if the person charged with crime is in prison demanding a trial, and sufficient time has elapsed since the finding of the indictment, to enable the prosecution, in the exercise of reasonable diligence, to be ready for trial. A person charged with crime, whether in prison or on bail, has the right to demand diligence on the part of the prosecution, to the end that he may speedily know whether he is to be convicted or acquitted.

A criminal case, like a civil case, may be continued from one term to another when it satisfactorily appears that the party asking for a continuance has used reasonable diligence to be prepared for trial, and has failed, but in the absence of reasonable diligence on the part of the party asking for a continuance, the opposite party may insist upon a trial, even though such trial must necessarily result in the acquittal of a person charged with crime. If the prosecution or defendant are not ready for a trial after the lapse of a reasonable time in which to get ready, they must first relieve themselves from any neglect or laches before they can ask for a postponement of the trial.

The speedy trial, to which a person charged with crime is entitled under the Constitution, then is, a trial at such a time, after the finding of the indictment, regard being had to the terms of court, as shall afford the prosecution a reasonable opportunity, by the fair and honest exercise of reasonable diligence, to prepare for a trial ; and if the trial is delayed or postponed beyond such period, when there is a term of court at which the trial might be had, by reason of the neglect or laches of the prosecution in preparing for trial, such delay is a denial to the defendant of his right to a speedy trial.

In *Ex parte Stanley*, 4 Nev. 116, the court, in defining the meaning of the term *speedy trial*, says: " But what is to be understood by a *speedy trial* is the embarrassing question now to be determined. It is very clear that one arrested and accused of crime has not the right to demand a trial immediately upon the accusation or arrest being made. He must wait until a regular term

of the court having jurisdiction of the offense with which he is charged, until an indictment is found and presented, and until the prosecution has had a reasonable time to prepare for the trial. Nor does a speedy trial mean a trial immediately upon the presentation of the indictment or the arrest upon it. It simply means that the trial shall take place as soon as possible after the indictment is found, without depriving the prosecution of a reasonable time for preparation.      The law is the embodiment of reason and good sense, hence, whilst it secures to every person accused of crime the right to have such charge speedily determined by a competent jury, it does not exact impossibilities, extraordinary efforts, diligence or exertion from the courts, or the representatives of the State ; nor does it contemplate that the right of a speedy trial which it guaranteed to the prisoner shall operate to deprive the State of a reasonable opportunity of fairly prosecuting criminals."

In the case of *Klock* v. *The People*, 2 Park. 676, the defendant was put upon his trial for the crime of arson. During the progress of the trial the prosecution offered certain evidence to which the counsel for the prisoner objected, and the objection was sustained, whereupon, on motion of the attorney prosecuting, and without the consent and against the objection of the accused, a juryman was withdrawn and the jury discharged. At the ensuing term the attorney prosecuting again moved the trial of the indictment, and the defendant as a plea in bar set up the foregoing facts.     On demurrer the plea was held insufficient, and the appellate court, in reversing this decision, says : " The real question is, whether it is allowable for a public prosecutor, after having entered upon his case by the giving of evidence to a jury impaneled for the trial of an indictment, to withdraw a juror and thus arrest the trial, so as to enable him to try the party at a subsequent time, solely because he finds himself unprepared with the proper evidence to convict, when his condition is not the result of improper practice on the part of the defendant, or some one acting with and for him, or some overruling inevitable necessity."

Counsel for the people insisted that the accused could not

object to a second trial for the reason that his case did not come within the constitutional provision which declares that " no person shall be subject to be twice put in jeopardy for the same offense" (art. 1, § 6), and the court says : " The plaintiff in error has not been once tried so as to bring himself within the constitutional protection, as no verdict or judgment has been given. The true ground of the objection lies back of the Constitution, and is found in the principles which have been deemed essential to the full and fair protection of individuals accused of crime, and to secure to them a speedy and impartial trial and the best means of indicating their innocence," and the decision of the court below in sustaining the demurrer to the plea in bar was reversed and the prisoner discharged.

The analogies of this case have a bearing upon the one we are considering. If asking for and obtaining the postponement of a criminal case for the reason that the prosecutor suddenly, during the progress of the trial, found himself unprepared to proceed, because the evidence he had offered had been excluded from the jury, was a denial to the accused of a speedy trial, then certainly it would be a denial of a speedy trial if the prosecution (the United States in this case) had neglected and failed not only to offer any evidence whatever, but to secure the attendance of any witnesses in the case. In the case referred to there was an attempt in good faith to have a trial. In the case we are considering, a whole term of court passed without any attempt or effort whatever on the part of the prosecution to bring the case to a trial. The indictments were found at the November term, 1879, and two trials were had at that term, which resulted in mistrials. At the ensuing March term the prosecution failed and neglected to bring the cases to trial, and made no effort whatever in that direction. The government entirely failed to provide any means for paying the expenses of serving process, and entirely neglected and refused to procure the attendance of witnesses on the part of the prosecution. It did no more than as though these indictments had not been pending against the defendant.

The prosecution was guilty of laches and a neglect of duty, in so failing and refusing to prosecute, and such failure was a

denial to the defendant of his constitutional right to a speedy trial. The government of the United States cannot cast a man into prison and then fold its arms and refuse to prosecute.

And it is not material to inquire for what reason the government failed and neglected to prosecute these indictments, or why the appropriations of money to enable marshals to serve process failed in Congress. The fact is sufficient for the purposes of this case.

The prayer of the petition is granted and the petitioner discharged from imprisonment.