EMMA J. PALMER, RESPONDENT, *v.* JAMES A. MURRAY, APPELLANT.

INTEREST— *Unliquidated demands—Conversion—Trover—Replevin.*—Held, in the case at bar, that under chapter 73, division 5, Compiled Statutes, regulating interest in the Territory, no interest can be recovered on an unliquidated demand, until the amount thereof has been ascertained; and that this rule is applicable to actions for the conversion of property in trover or replevin, which . retain the character of suits sounding in damages. *Isaacs v. McAndrew,* 1 Mont. 437, and *Randall v. Greenhood,* 3 Mont. 503, cited with approval, *Bohm v. Dunphy,* 1 Mont. 333, held, not conflicting. (McCONNELL, C. J., delivered a dissenting opinion.)

SAME— *Judgment— Interest on interest.* —Held, in the case at bar, that it is proper for a judgment to bear interest even on interest included therein; and that the language used in the opinion of *Palmer* v. *Murray, ante,* page 174, denying the propriety of such a practice, was erroneous.

JUDGMENT MODIFIED— *Costs of appeal.* —The court in the case at bar modified the decision on the previous hearing, *ante,* page 174, by taxing the costs to the appellant, citing *Randall* v. *Greenhood,* 3 Mont. 506.

*Appeal from the Second Judicial District, Deer Lodge County.*

The opinion was delivered on a rehearing of *Palmer* v. *Murray, ante,* page 174.

*Cole & Whitehill,* for Respondent on rehearing.

It is claimed that the case of *Randall* v. *Greenhood,* 3 Mont. 506, is conclusive. That was a case in replevin, and so far as the present appeal is concerned, the rule of damages is the same in replevin as in trover. In that case the opinion of the court as to interest is as follows: "The claims and demands upon which interest is allowed depend entirely upon the statute. This claim or demand of respondent against appellants is not of the kind upon which interest can be allowed until after judgment." And in *Isaacs* v. *McAndrew,* 1 Mont. 454, the statutes are cited as authorities. In the latter case, Judge Wade, who wrote both opinions, says: "Interest is a creature of the statute, and the rate thereof differs in different States." It seems clear that the case last cited does not support the opinion in the case of *Randall* v. *Greenhood, supra,* inasmuch as the cause of action in the first case was for money paid, laid out, and expended, and interest was claimed from the time the money was due, and in the latter case, the interest was given as part of the damages, and as part compensation for converting and withholding property. In *Bohm* v. *Dunphy,* 1 Mont. 333, the rule laid down as to the measure of damages for the wrongful taking and conversion of property was as follows: "The plaintiff could only recover such damages as directly and necessarily resulted from the act complained of, which would be the amount wrongfully taken, with legal interest for its detention," etc. The expression found in the books, that "interest is the creature of the statute," means, if it means anything, that the rate must be established by law, and that the sum due on certain contracts entered into by the parties bear the rate of interest established by the statute, and has no reference whatever to that which is called interest as part of the damages in compensation for the loss or withholding of property. Interest is allowed on two grounds, to wit, on contract, express and implied, and by way of damages. Interest is recoverable as a matter of law where it can be claimed by way

of contract, or as damages, which the party is legally bound to pay for the detention of money or property improperly withheld. (Sedgwick on Damages, 374; *Dana* v. *Fiedler,* 12 N. Y. 40; 62 Am. Dec. 130; *Walrath* v. *Redfield,* 18 N. Y. 457.) The recovery of interest in an action of trover is regarded as a constituent part of the indemnity to which the plaintiff is entitled, and which it is the duty of the court and the jury under the direction of the court to allow. The rule is founded upon the principle that the plaintiff is to receive exact compensation for the injury which he has suffered. Generally, therefore, the value of the property at the time of the conversion, with interest thereon, may be regarded as adequate compensation for the injury. (Sedgwick's Leading Cases on Damages, 561; *Baker* v. *Wheeler,* 8 Wend. 505; 24 Am. Dec. 71, n.) If interest be the creature of the statute as contended for, by what authority does the judge charge the jury, that the plaintiff is entitled to recover interest from the time of conversion, and what right has the jury to consider the question of interest, and make it a part of the damages mentioned in the verdict? (*Schoelkopf* v. *Leonard,* 8 Colo. 159.) The argument that the suit is for unliquidated damages is untenable. The jury in the verdict fixes the value of the property, and interest follows as a matter of law, and as a part compensation. (See authorities cited.)

*William H. De Witt,* for Appellant on rehearing.

*Randall* v. *Greenhood,* 3 Mont. 512, says that interest cannot be awarded in replevin. Then, *a fortiori,* it cannot be given in trover. Respondent's counsel argue that the better rule is established in *Bohm* v. *Dunphy,* 1 Mont. 333. Leaving out of consideration that this case was prior to *Randall* v. *Greenhood, supra,* and if there be any conflict in the two, the latter is the prevailing case at this time. It is to be further noticed, that in the former case the action was for a certain and liquidated amount in money, and there was no question before the jury of the determination of the value of the property taken. Counsel also argue that *Isaacs* v. *McAndrew,* 1 Mont. 454, is not a foundation for *Randall* v. *Greenhood, supra,* in that the verdict in the former was for a gross sum, and not for a sum *and* interest, separately stated in the verdict. But in that case the *demand*

was for a certain liquidated amount, which enables the gross verdict to be easily separated into demand *and* interest. And in the latter case, the jury, instead of making the computation themselves, and adding it to the demand and returning a gross sum, return the two items separately stated. The two cases are therefore practically alike, whether the verdicts are viewed as a gross sum, or as items separately stated, equaling the gross sum. As a matter of course, *Randall* v. *Greenhood, supra,* is the law of this court, unless the same be overruled on this hearing. *Stare decisis, et non quieta movere.* (*Giblin* v. *Jordan,* 6 Cal. 418; *Welch* v. *Sullivan,* 8 Cal. 188.) "It is not the habit of this court to consider points again open for decision, which have been once deliberately decided, and have furnished the groundwork of the judgment already rendered in the same cause in a former stage of its presentation here." (*U. S.* v. *Four Hundred and Twenty-two Casks,* 1 Peters, 547. See, also, *Wright* v. *Sill,* 2 Black, 544; *Minn. Mining Co.* v. *Nat. Mining Co.* 3 Wall. 332.) The decision of this court on the original hearing should furthermore be sustained, upon the ground of compounding interest. (See Montana authorities there cited.) This also upon principle of *stare decisis.* If the decision of the District Court be reversed in any respect, or modified, the appellant is entitled to his costs. (Comp. Laws Mont. p. 192, § 494.)

LIDDELL, J.—The plaintiff complains that there has been error in the opinion of the court; *first,* in refusing to allow interest as demanded, and allowed by the jury from the day of the illegal conversion of the property; *second,* that the court refused to allow the interest accruing between the date of conversion and the verdict to be capitalized, and thus included in the judgment. She also complains that the court has erroneously imposed upon her the costs of appeal. The complaint alleges that the defendant wrongfully carried away and converted to his own use certain personal property of the plaintiff, to her damage in the sum of four thousand five hundred dollars, for which she prays judgment with interest from the date of conversion. It is true the complaint in another count alleges that sum to be the value of the property described, but the demand is for damages with interest thereon; and whether it be a demand in trover or

replevin, it still retains the character of a suit sounding in damages, and is most assuredly for an unascertained and therefore unliquidated demand. We cheerfully concede that the general rule as to the measure of damages in actions of trover is the value of the converted property at the time and place of its conversion, and interest thereon as a matter of law. Sutherland in his work on Damages, volume 3, page 488, announces this to be the rule in the American cases. What he means by interest *as a matter of law* is not very plain, unless it is that interest is allowed or refused on the amount of damages after it is ascertained, when sanctioned or denied by the law. Most assuredly the rule is equitable and just, but where interest, *eo nomine,* is asked for on the amount demanded as damages, it must be allowed or denied as provided in the statute. All the obligations of individuals to each other result from either a promise, a benefit, or an injury, and when the obligation has the sanction of the law, the interested party may compel performance. Under this classification the obligation of the defendant was to repair the injury done by the illegal conversion, but it did not certainly extend to the obligation to pay interest, for that is a separate and distinct obligation, which could exist only by contract, and in the absence of any express agreement under the provisions of the law itself; for it has been repeatedly said that interest is a creature of the law. The law-making power in Montana has undertaken to regulate the rates of interest, and to specify the contracts and debts which shall bear interest, in the absence of any express agreement therefor. To be more exact, section 1236, division 5, Compiled Statutes, provides the legal rate of interest where there is no agreement, while section 1237 provides that creditors shall be allowed to collect interest at the above rate, in the absence of any agreement, upon all moneys after they become due on any bond, bill, promissory note, or other instrument in writing, and on any judgment from the date of entry, on money lent, or due on a settlement of accounts from date of settlement, on money received to the use of another and retained without the owner's knowledge, and on money withheld by unreasonable and vexatious delay. In none of these classes can the demands of the plaintiff be included. This statute regulates interest in a variety of cases in which

there is no agreement, and it will be noticed that it includes all kinds of demands except those for damages or unliquidated claims. After enumerating such a number of cases in which interest is to be allowed in the absence of any agreement, it is hardly to be contended that it would leave open the question of interest on so important a subject as that of damages. We have no doubt that it was never the intention of the law to allow interest on demands for damages from the date of the act complained of, but only from the date of the damage when ascertained by judgment. It is said that section 1237 regulates the interest only upon those matters where the relation of creditor and debtor exists, leaving to the general law of damages the question of interest. A careful analysis will readily demonstrate the fallacy of the proposition. The relation of creditor and debtor is not more apparent in the matter of open and unsettled accounts than in that of the injured party, to be compensated by the wrong-doer for the injury he has occasioned. The implied promise on the part of the individual who gets the goods is to pay for them, and on the part of the trespasser to pay for the injury occasioned by his acts. To all intents the injured party is as much the creditor of the wrong-doer as the person who has parted with his goods without first receiving the express promise to pay. In both instances the law makes the contract; in the one case it obliges, and in the other it implies a promise to pay. The subtle distinction that the law of interest as it exists in section 1237 applies only to contract matters, or those in which the relation of debtor and creditor exists by express or implied promise, does not seem to be well founded; but rather the general rule is deducible that interest is not to be allowed on any demands except from the day on which the exact amount due is ascertained. Does any reason satisfactory to the mind exist, why interest should be denied to the creditor until there has been a settlement agreed upon, and yet allowed on an unascertained and disputed demand for damages, long before it can be known whether any debt or liability on the part of the defendant actually exists. In order to determine in this action whether any debt, and if so, what amount actually existed on the part of the defendant, it took the judgment of the court to so decide. That this was the view of the Supreme Court in

1872, when the case of *Isaacs* v. *McAndrew* was decided (reported in 1 Mont. 454), cannot be doubted. That was a demand for interest on money expended for the benefit of another, yet the court said, in denying the right: "However reasonable the claim for interest may be in the present case, we must administer the law as we find it, and not take upon ourselves the duties of the legislature." In 1880, the case of *Randall* v. *Greenhood* (reported in 3 Mont. 512) was decided, in which the demand was for damages on account of the conversion of a stock of goods, and interest being allowed from date of conversion, it was stricken out as not permissible under the statute. Our attention is called to the case of *Bohm* v. *Dunphy*, 1 Mont. 333, decided by Chief Justice Warren in 1871, where he follows the usual rule of damages, with interest from date of conversion; but it cannot be a case in point because the question of interest *eo nomine* under the statute was not raised or considered by the court, and hence it is not in conflict with either of the cases above referred to, but rather supports the rule announced. I take it to be the rule, in the absence of any agreement, that interest *eo nomine* will not be allowed except when the statute permits. This construction of the statute is under the well-known rule of interpretation found in the maxim of *expressio unius est exclusio alterius*. Having specified the cases in which interest shall antedate the judgment, the natural conclusion is that the law-maker intended to exclude or deny the right in instances not so enumerated. While we admit the general rule in actions of this kind to be the value of the property, and interest when it is allowed by law, yet it is always in the power of the pleader by proper averments to recover the actual damages sustained by the injured party. After a careful examination of the authorities referred to by Sutherland on Damages, and in the brief of counsel for plaintiff, we have been unable to find any decision in which the question of interest on such demands under the statute was ever decided. The matter is purely one of statutory construction, and after a lapse of sixteen years we do not think it wise to disturb the practice thereon. The expression in the opinion denying the right to capitalize the interest up to the date of judgment by including it therein was an error, and we hasten to make the correction. Such has been

the practice in this Territory as well as in California, from whence we derive our statute on this subject, and the authorities from that State are numerous and unbroken that such is the proper practice and construction. Although the judgment of the District Court in respect to interest has been reduced, yet inasmuch as the defendant failed to call the attention of the lower court to the error in the judgment, and was therefore somewhat to blame, we think he should bear the burden of the costs of this appeal, at least this rule follows that of *Randall* v. *Greenhood*, above referred to. The opinion heretofore rendered in this case is modified to the extent of placing the costs of this appeal on the defendant. With the exception of this modification, our former judgment must remain undisturbed.

DE WOLFE, J., concurs.

McCONNELL, C. J. (*dissenting*).—Cause decided at last term and opinion reported *ante*, page 174. Motion for rehearing granted, upon the ground that the court erred in disallowing interest on the value of the property taken and converted from the time of such conversion to the date of judgment. The part of the opinion objected to is as follows, to wit:—

"The verdict of the jury allowed the plaintiff $1,785, with legal interest thereon from the date of the seizure, which is fixed in the judgment as the 4th of May, 1884; and by computation the amount is stated in the judgment appealed from to be $2,151, for which sum, with ten per cent interest thereon from date, a judgment is entered, thus compounding the interest. No complaint is made as to the right of the plaintiff to interest beyond the judgment. Interest is a mere creature of the statute, and is enforced whenever the agreement or contract therefor is sanctioned by law, and in absence of any agreement or contract, the law fixes the rate, and specifies the cases in which it will be allowed. In the present instance the suit is to recover damages for an unliquidated contract, and contains no contract or agreement for the payment of interest. This court held, in *Randall* v. *Greenwood*, 3 Mont. 512, that the law did not allow interest upon such a demand until after judgment, and struck out of the judgment the amount allowed by the verdict, citing *Isaacs* v. *McAndrew*, 1 Mont. 454. It must also be reduced

in this instance, for the further reason that the judgment compounds the interest, a practice for which there is no law in this Territory. (*Wilson* v. *Davis*, 1 Mont. 195; *Curtis* v. *Valiton*, 3 Mont. 153.) It is therefore ordered that the judgment appealed from be reduced from $2,151 to $1,785, and thus amended, it is affirmed, respondent paying costs of this appeal."

It is not controverted that the proper measure of damages in trover, at common law, is the value of the property at the time it is converted, with interest thereon to the date of judgment. The interest is an integral part of the damages, and is so allowed as a part of the indemnity to which the plaintiff is entitled, and is not given as interest *eo nomine* in the statutory sense of that word. But it is insisted that interest is the creature of the statute in this Territory, and inasmuch as it does not allow interest in cases of this kind, none can be allowed by the court. Section 1236, Compiled Statutes, fixes the rate of interest on the loan or forbearance of money in the absence of any contract. Section 1237 declares that *creditors*, in the absence of any agreement as to the rate of interest, shall receive ten per cent after maturity on any bond, bill, promissory note, or other instrument of writing, and on any judgment . . . . on money lent, or money due on settlement of accounts . . . . on money received to the use of another, and retained without the owner's knowledge, and on money withheld by an unreasonable and vexatious delay. There is nothing in any of these interest statutes that has anything to do with the measure of damages in actions of trover. They are intended to embrace such contracts and other matters as are set forth in them. I do not consider this question settled by our former decisions, contrary to the foregoing view. The case of *Bohm* v. *Dunphy*, 1 Mont. 341, was an action for the recovery of damages for the wrongful seizure of certain United States treasury notes under a distress warrant for rents. This was a case of conversion and in point. The court in that case held as follows, to wit: " In reference, then, to the measure of damages, the only thing before the jury, the complaint does not allege special damages, and none were provable under it as such. The plaintiff could only recover such damages as directly and necessarily resulted from the act complained of, which would be the amount wrongfully taken,

with legal interest for its detention, and such exemplary damages as the jury might give under proper instructions of the court, and within reason, under all the circumstances proven." Here interest was allowed as part of the damages. The case of *Isaacs* v. *McAndrew*, 1 Mont. 453, cited in the briefs, was an action for money paid, laid out, and expended by the plaintiff for the defendants. The court held, and I think correctly, that no interest was recoverable, because it was not averred and proven that the money was withheld by an "unreasonable and vexatious delay." This case comes clearly within the provisions of the statutes, and must be governed by them. It has no application to the case at bar. The case of *Randall* v. *Greenhood*, 3 Mont. 506, was an action of replevin. The plaintiff in that case claimed interest on the value of the property taken, if it could not be returned. The court dismisses the matter in the following language, to wit: "The claims and demands upon which interest is allowed depend entirely upon the statute. This claim or demand of respondent against appellants is not of the kind upon which interest can be allowed until after judgment." And it refers to the case of *Isaacs* v. *McAndrew, supra,* but not to the case of *Bohm* v. *Dunphy.* The decision in the case of *Bohm* v. *Dunphy* is in conflict with the decision in the case of *Randall* v. *Greenhood.* The latter case does not seem to have been well considered on this question, and I think the case of *Bohm* v. *Dunphy* states the law correctly. For the foregoing reasons I respectfully dissent from the opinion of the majority of my brothers upon this point, but concur with them as to the question of compounding interest.

*Judgment affirmed.*