## McCormick v. Hyatt.

'FRAUDULENT 'SALE.— *Creditors.*—To render a sale for a valuable consideration void for fraud as against the creditors of the vendor, the vendee must have had notice of the intended fraud.

.APPOINTMENT OF JUDGE.—*Jurisdiction.*—In a civil action in the circuit court, the court having jurisdiction of the subject-matter and the parties, a change of venue was taken from the regular judge of said court, and he called another judge to try the cause, who appeared and made some orders, and, by consent of the parties, continued the cause till the next regular term of said court. At the next term, the appointed judge did not appear, and the regular judge set down the cause for trial on a subsequent day of that term before another judge, who tried the cause without objection from either party.

*Held*, that the judge who tried the cause had jurisdiction of the subject-matter and of the parties.

PARTIES.—*Husband and Wife.—Suit by Wife.*—In an action by a married woman concerning her separate property, the husband not himself joining in the complaint, in which the plaintiff alleged that she was a married woman, and therefore *she* joined her husband as a party plaintiff;

*Held*, that there was no error in the fact that nothing was said as to the husband in the verdict or judgment; nor, it seems, would this have been error had the husband been made a party plaintiff properly, by himself joining in the complaint.

McCormick *v*. Hyatt.

PRACTICE.—*Trial Without Issue.—Supreme Court.*—The fact that there was a trial without an issue cannot be taken advantage of in the Supreme Court without having been noticed below.

APPEAL from the Daviess Circuit Court.

PETTIT, C. J.—Appellee, a married woman, brought suit against appellant, as sheriff, for the value of her separate personal property, levied upon and sold by virtue of two executions against her husband and another.

The giving of the seventh instruction is assigned for error. That instruction is, that, to make a sale void for fraud as against the creditors of the vendor, the vendee must have had notice of the intended fraud, if his purchase was in good faith and for a valuable consideration.

There was no error in giving this instruction. *Palmer* v. *Henderson*, 20 Ind. 297; *Bunnel* v. *Witherow*, 29 Ind. 123. The rulings on this question are so uniform that it is unnecessary to make further citations.

The evidence is not in the record, and we cannot say whether the court erred or not in refusing a new trial on it. We must presume that the evidence justified giving all the instructions, the finding of the the jury, refusal of a new trial, and the final judgment of the court.

It is objected that the judge who tried the cause had no jurisdiction of the subject-matter of the case or of the parties thereto. A change of venue was taken from the regular judge, and another judge called to try the case, who appeared, took his seat, made some orders, and by consent of the parties continued the cause till the next regular term of the court. At the next term, the appointed judge did not appear, and the regular judge set down the case for trial on a subsequent day of that term, before another judge, who took a seat on the bench, and tried the cause, without any objection from either party. There was no error in this, the latter judge having full jurisdiction of both the subject-matter and of the parties.

It is objected that neither the finding of the jury nor the judgment of the court says anything as to the husband

of the appellee, he (as is alleged) being a party to the suit. It is a sufficient answer to this to say, that the husband was not a party to the suit. Both paragraphs of the complaint say, that Susan G. Hyatt complains of the defendant for taking her individual, or separate property and selling it, &c. She alone complains, and she might have brought and maintained this suit without naming her husband. 2 G. & H. 41, sec. 8. It is true that at the very close of the complaint she says, that she is a married woman, and therefore she joins her husband as a party plaintiff. This does not make him a plaintiff. Had he been such, he must have joined her in her complaint and statement of her cause; nor would the leaving out his name and all reference to him in the finding and judgment have been an error if he had been properly made a party, as the suit was for injury to her separate rights of property.

It is assigned for error that there was a trial without an issue. The record says that the "issues were closed;" but if they were not, that cannot be taken advantage of here without having been noticed below; nor can we see that in this or any other proceeding in this cause the substantial rights of the appellant were erroneously affected. 2 G. & H. 122, sec. 101.

The judgment is affirmed, with five per cent. damages and costs.

*J. W. Burton* and *W. R. Gardiner*, for appellant.

*N. F. Malott* and *T. R. Cobb*, for appellee.