CURTIS, respondent, v. VALITON ET AL., appellants.

PLEADING — *use of initial letter for Christian name.* If the instrument sued on is defective in using only the initial letter, instead of full Christian name, the same may be cured by proper averment in pleading and proof on trial. Case of *Wiebbold* v. *Hermann*, 2 Mon. 609, considered and affirmed.

INTEREST. Where a new note is given to take up former notes on which compound interest has been computed and included, *held*, that the new note is void only to the extent of such compound interest included.

FRAUD. To render a conveyance fraudulent as against creditors, there must be mutual participation in the fraudulent intent on the part of both grantor and grantee.

*Appeal from Second District, Deer Lodge County.*

THE judgment was rendered by KNOWLES, J.

SHARP & NAPTON, for appellants.

The case of *Wiebbold* v. *Hermann* decides a pleading void for uncertainty by using initials only for Christian name. For the same reason a mortgage in the same condition should be held void. A conveyance void in part is void *in toto*, upon the same principle that a law unconstitutional in part is so altogether. *United States* v. *Reed*, 2 Otto, 221.

There is a material difference between fraud in law and fraud in fact, as in the case of a conveyance made by a debtor to his wife.

The instrument in this case must be reformed before proceedings can be maintained.

W. W. DIXON, for respondent.

The demurrer was properly overruled. An unrecorded deed or mortgage is good against creditors. *Hunter* v. *Watson*, 12 Cal. 363 ; *Pixley* v. *Huggins*, 15 id. 127.

2 Wash. on Real Prop. (3d ed.) 263–5, gives the correct rule as to the use of names in conveyances. See, also, 4 Bacon's Abr. 510, and notes ; *Garwood* v. *Hastings*, 38 Cal. 222.

An agreement to pay interest on interest when due is valid.

5 Paige, 100 ; 3 Pars. on Cont. 150–2 ; 4 Otto, 437 ; *Wilson* v. *Davis*, 1 Mon. 183, not in conflict.

The excluded evidence, of which appellants complain, fully disproves fraud. Judgment will not be reversed even for errors which work no injury. *Caruthers* v. *Pemberton*, 1 Mon. 111 ; *Gregg* v. *Moss*, 14 Wall. 564 ; *Walker* v. *Hawkhurst*, 5 Blatchf. 494 ; *Kisling* v. *Shaw*, 33 Cal. 425 ; *Mott* v. *Reyes*, 45 id. 379.

An instrument void in part is not always void *in toto.* 2 Kent, 467 ; *United States* v. *Bradley*, 10 Peters, 343.

If compound interest is not recoverable the mortgage is still good for the amount properly due. *Spencer* v. *Ayrault*, 10 N. Y. 203 ; *Burnhisel* v. *Firman*, 22 Wall. 170 ; *Morris* v. *Way*, 16 Ohio, 469 ; 1 Hill. on Mort. 609–11 ; *Chase* v. *Walters*, 28 Iowa, 460 ; *Parker* v. *Barker*, 2 Metc. 423 ; *Sanford* v. *Wheeler*, 13 Conn. 165 ; 81 Penn. 310 ; 30 Ill. 158 ; *Tully* v. *Harloe*, 35 Cal. 303.

To make a conveyance fraudulent as to the grantee, and void, fraud must be shown on his part as well as on the part of the grantor. See authorities cited in 6 U. S. Dig. (1st series), 674 ; 1 Hill. on Mort. 620 ; *Chase* v. *Walters*, 28 Iowa, 460 ; *Kittredge* v. *Sumner*, 11 Pick. 50 ; *McCormick* v. *Hyatt*, 33 Ind. 546.

Under our statutes fraudulent intent is always a question of fact. Cod. Sts. 394, § 20.

The burden to show fraud was upon appellants and was not shown, either in fact or law.

WADE, C. J. This is an action by plaintiff to foreclose a mortgage against the defendant Heath ; the other defendants are judgment creditors who seek to set aside the mortgage as fraudulent and void.

The first question raised by the contesting defendants, which arose upon a demurrer to the complaint, is that the mortgage is void for uncertainty, in that the mortgagee is described in the mortgage as Mrs. A. R. Curtis ; that such a designation is not a name ; that the mortgage fails to name a mortgagee, and is therefore void. The case of *Wiebbold* v. *Hermann*, 2 Mon. 609, is

chiefly relied on to support this position. That case was also an action to foreclose a mortgage wherein the mortgagee was described as H. C. Wiebbold. As a matter of pleading under our Code, which requires the complaint to state the names of the parties, plaintiff and defendant, and upon the authorities under Codes similar to our own, where it had been held that the complaint should state the full Christian name of the parties, and that the omission so to do, unless excused by averment, made the pleading uncertain and indefinite, we held that the designation H. C. Wiebbold was not a name in contemplation of law, and that, unless cured by averment, a complaint so describing the plaintiff was defective for uncertainty. But in that case, which, like the one under consideration, was an action to foreclose a mortgage, it was expressly held that the defect might be cured by averment ; " and that if a party brings an action upon an instrument wherein he is designated by the initial letters of his name," he must aver in his pleading and establish by the proof what his name really is. The pleader in the present case brings himself within this requirement, and the case referred to overthrows the objection of the defendant and upholds the sufficiency of the complaint.

2. The note upon which the action is brought was given in payment of three certain other notes for money loaned by plaintiff to the defendant Heath, bearing interest at the rate of two per cent per month from date until paid and payable on demand. On the 5th day of October, 1875, a settlement was had between the plaintiff and Heath, and the sum of $5,571.42 found due from him to the plaintiff on said three notes, for which sum the note sued on was given in payment, and that compound interest amounting to $237.58 was computed upon such three notes and included in the note given in payment of the same, in pursuance of a parol agreement between plaintiff and defendant Heath, at the time said three notes were given.

It having been determined in this Territory that compound interest is not warranted by law ( *Wilson* v. *Davis,* 1 Mon. 195), the defendants contend that the note given in payment of the three notes above mentioned, and the mortgage by which the same is secured, a portion of which note is for compound inter-

est which was computed upon the three notes, are, by reason of such fact, fraudulent and void as against creditors, though there was no actual fraud upon the part of the parties in having such compound interest included in the note. This claim of the defendants is effectually set at rest by the case of *Burnhisel* v. *Firman*, 22 Wall. 170, wherein it is held, in a similar case, that where the parties calculated interest on the old securities at a higher rate than is authorized by law, and make a settlement upon such basis and the debtor gives new notes, and a mortgage for the whole sum, including the illegal interest, such securities are valid for the amount that would be due on a proper calculation of interest, and are void only as to the excess above legal interest. See, also, 3 Pars. on Cont. 150; *Spencer* v. *Ayrault*, 10 N. Y. 203; *Morris* v. *Way*, 16 Ohio, 469; 1 Hill. on Mort. 609–611; *Culbertson* v. *Luckey*, 13 Iowa, 12; *Boyd* v. *Brown*, 17 Pick. 453; *Sanford* v. *Wheeler*, 13 Conn. 165; *Fleet* v. *Warren*, 42 N. Y. 204; *Howard* v. *Woodstock*, 81 Penn. 310; *Mowry* v. *Bishop*, 5 Paige, 98.

To this extent the note and mortgage in question were held void upon the trial, and the plaintiff was permitted to recover a judgment only for the amount of the note and legal interest. The claim that they are void *in toto* is conclusively answered by the authorities cited.

3. At the time of the execution of the note and mortgage to the plaintiff by Heath, the defendants proposed to prove that Heath sold his entire herd or band of cattle to one Morrill, his brother-in-law, and brother of plaintiff; that such sale was fraudulent, and that the plaintiff was present at such sale and knew its character. This proposed testimony was not received, and the defendants excepted.

There was no testimony in the case tending to show that the transaction between the plaintiff and Heath was in any manner tainted with dishonesty or fraud. The defendants offered to prove a fraudulent transaction between Heath and another party, of which the plaintiff had knowledge, but was in no manner a party thereto or interested therein; and from such proof to ask the court, who tried the case without a jury, to infer or to

prove some fraud between Heath and the plaintiff in the execution of the note sued on. Was such proof competent? The question is fully answered in *Jordan* v. *Osgood,* 109 Mass. 457, in which case the court says : " The cases are numerous in which this subject has been discussed. We think the true rule to be deduced from them is that another act of fraud is admissible to prove the fraud charged, only where there is evidence that the two are parts of one scheme or plan of fraud committed in pursuance of a common purpose."

The required evidence under this rule was entirely missing, and on the contrary, the transaction between the plaintiff and Heath was shown to be without fraud and wholly legitimate and honest. It could not therefore have formed any part of a plan or scheme of fraud committed in pursuance of a common purpose. Men do not commence a scheme of fraud by paying their honest debts. The proposed testimony was properly rejected. See, also, *Haskins* v. *Warren,* 115 Mass. 515 ; *Brown* v. *Shock,* 77 Penn. 471; Bigelow on Fraud, 478; Whart. Ev., § 33.

To render a conveyance fraudulent as against creditors there must have been a mutual participation in the fraudulent intent on the part of both the grantor and grantee. *Steele* v. *Ward,* 25 Iowa, 535 ; *Miller* v. *Byron,* 3 id. 58; *Chase* v. *Walters,* 28 id. 460; *Kittredge* v. *Sumner,* 11 Pick. 50; *McCormick* v. *Hyatt,* 33 Ind. 546. The evidence does not show any fraudulent intent upon the part of either the grantor or grantee in the execution of the mortgage herein.

There was no error in the admission of testimony in explanation of the reason why compound interest was computed upon the three notes and included in the one given in payment thereof. The judgment is affirmed with costs.

*Judgment affirmed.*