PALMER, appellant, *v.* MURRAY, respondent.

MARRIED WOMAN MAY SUE ALONE CONCERNING SEPARATE PROPERTY.— Under section 7 of the Code of Civil Procedure, a married woman may maintain an action in her own name, without joining her husband, for the conversion of her separate property.

MARRIED WOMAN'S SEPARATE PROPERTY — *List of, recorded in maiden name.*— The statute providing for the recording by a married woman of a list of her separate property, in order to exempt the same from liability for her husband's debts, is substantially complied with though such list be recorded by a woman in her maiden name, provided it contains a notification of her approaching marriage and the name of her intended husband.

*Appeal from Second District, Deer Lodge County.*

THE opinion states the facts.

COLE & WHITEHILL, for the appellant.

Appellant substantially complied with the statute and is entitled to its benefits and protection. Though list was filed before marriage, it was in contemplation, and the name of her intended husband was given.

The statute does not make this record a notice. Marriages are matter of record.

The statute is remedial and should be liberally construed.

Appellant was entitled to sue alone.

DEWITT & BACH, for the respondent.

At common law the wife's chattels vest in husband.

Only strict compliance with statute will take it out of the application of common law rights.

Appellant was not a married woman when she filed her list of separate property.

There was no notice such as the law requires.

WADE, C. J. This is an appeal from a judgment rendered in favor of the respondent, consequent upon the sustaining of a demurrer to the complaint.

The complaint substantially alleges that on the 16th day of April, 1872, the plaintiff was married to one William J. Palmer, and ever since that date has been and now is the lawful wife of said Palmer; that at the time of said marriage the plaintiff was the owner of certain horses, mares and colts, mentioned and described in the complaint; that on said 17th day of April, 1872, the plaintiff filed in the office of the recorder of Deer Lodge county, that being the county in which the plaintiff then and has since resided, a list of said property as follows:

"Lena Owens. Declaration, claim to property.

"Know all men by these presents, that I, Lena Owens, now sole and unmarried, and residing in the county of Deer Lodge, and territory of Montana, make known by these presents, published to whom it may concern, that I claim and hold in my separate right, as against any right, title or interest of William J. Palmer, with whom I contemplate marriage, or as against any right, title or interest said Palmer may acquire by virtue of the marriage to be solemnized between myself and said Palmer, of, in, and to the following described property, to wit: All of the horses,

mares and their colts, two-year-olds, yearlings, being about
sixty head of old ones, including horses, mares, two-year-
olds and yearlings, and thirty-one sucking colts, now on the
ranche known as the Palmer ranche, one mile above the
mouth of Warm Springs creek, on the Warm Springs
creek, about twelve miles below the town and county of
Deer Lodge, Montana territory, it being the same property
described in a certain complaint in an action brought in the
district court, second judicial district, for said county of
Deer Lodge, and territory of Montana, entitled Lena Owens
v. W. W. Jones et al., filed in said court on the 20th day of
November, 1871, with the addition of the sucking colts.

"Dated this 17th day of April, 1872.

"Filed for record April 17, 1872.          LENA X OWENS."
her<br>mark.

The complaint further alleges, that in November, 1883,
the plaintiff was the owner of and entitled to the immedi-
ate possession of the horses, mares and colts described in
the complaint, which property was that mentioned in said
list, and the increase thereof, of the value of $7,100; that
on the last-named day, in said county of Deer Lodge, the
defendant unlawfully and wrongfully, and without the con-
sent of the plaintiff, took and carried away said property,
and converted the same to his own use, to the damage of
the plaintiff in the sum of $7,100; and that the Lena Owens
mentioned in said list of property filed with the county re-
corder is the plaintiff in this action.

If this action concerns the separate property of a mar-
ried woman, she may sue alone (Code, sec. 7); and whether
the property described in the complaint belongs to the
plaintiff, depends upon her having substantially complied
with the statute of the territory relating to the property
of married women. That statute provides that the prop-
erty owned by a married woman before her marriage, and
the increase, use and profits thereof, shall be exempt from
all debts and liabilities of the husband, provided a list of
the property of such married woman is recorded in the

office of the register of deeds of the proper county.    R. S. Mont. p. 588, sec. 866.

. The demurrer confesses that all the facts properly alleged in the complaint are true.    Then it is true that the property mentioned in the complaint and list belonged to the plaintiff before her marriage with Palmer, except the increase, and that also belongs to her if she was the owner of the original property.    It is also true that the plaintiff married William J. Palmer on the 17th day of April, 1872; that on the same day, and prior to her marriage, she filed with the recorder of the proper county a list of her property, and therein declared her intention to marry said Palmer, which list and notice was signed by Lena Owens, and that said Lena Owens is the Emma J. Palmer who brings this action.    The defendant also, by his demurrer, confesses that he wrongfully and unlawfully seized and converted the plaintiff's property to his own use.    Confessions of this kind may do the defendant good, but they are bad for his demurrer.

Here was an honest attempt, made in good faith, by a woman upon the eve of her marriage, to secure to herself, and to protect from her husband's debts, the property she then owned in her own right.    The list was filed and recorded in her maiden name, but in it she was careful to give notice to the public of her intended marriage with William J. Palmer.    This was a public record, and if the list was technically imperfect because it was made out and recorded in the name of Owens instead of Palmer, no one seems to have been deceived or injured by the mistake.    It does not appear that any credit was extended to the husband on account of this separate property of his wife, or because there might have been a mistake in the record of the property list.    And if there had been no list at all, even a married woman may protect her separate property against a mere wrong-doer, such as this defendant confesses that he is.

The judgment is reversed, and the cause remanded for a new trial.                                    *Judgment reversed.*