## EMMA J. PALMER, RESPONDENT, *v.* JAMES A. MURRAY, APPELLANT.

MARRIED WOMAN — *List of separate property, filed on the day of marriage.* — A list of separate property was filed for record by a woman, in her maiden name, on the day of her marriage, in the office of the county clerk and recorder of the county in which she resided. It was duly recorded, and set forth that she claimed certain personal property mentioned therein, in her separate right, and as against any rights of the man, designating him by name, whom she was about to marry. The court *decided* that the said list had been upheld, as complying with the requirements of section 1432, division 5, Compiled Statutes, in the case of *Palmer* v. *Murray*, 6 Mont. 125.

SAME — *Description in list of separate property.* — The personal property, in a list of the same, recorded by a woman pursuant to section 1432, division 5, Compiled Statutes, in order to protect her rights against creditors of her husband, was described as follows: "All of the horses, mares, and their colts, two-year olds, yearlings, being about sixty head of old ones, including horses, mares, two-year olds and yearlings, and thirty-one sucking colts, now on the ranch, known as the Palmer Ranch, one mile above the mouth of Warm Springs Creek, on the Warm Springs Creek, about twelve miles below the town and county of Deer Lodge, Montana Territory; it being the same property described in a certain complaint, in an action brought in the District Court, Second Judicial District, for said county of Deer Lodge, and Territory of Montana, entitled *Lena Owens* v. *W. W. Jones et al.*, filed in said court on the twentieth day of November, 1871, with the addition of the sucking colts." *Held,* that said section 1432 requires merely a list, not a description of separate property, and that the designation of the property aforesaid was sufficient.

FORMER APPEAL — *Res adjudicata.* — *Held,* that the questions presented in this appeal have been passed upon directly or indirectly in a former appeal in the same suit (*Palmer* v. *Murray*, 6 Mont. 125), and that said former decision is now the law of this case, as to all questions of law or fact therein presented for review.

MARRIED WOMAN — *List of separate property — Description a question of fact.* — *Held,* that where a description of personal property in a married woman's list of the same, recorded to meet the requirements of section 1432, division 5, Compiled Statutes, is merely imperfect, its sufficiency should be submitted to the jury as a question of fact.

MARRIED WOMAN—*Separate property.*—*Held,* that whenever a married woman, in an honest endeavor to protect her separate property from her husband's creditors, has substantially complied with section 1432, division 5, Compiled Statutes, the courts will not suffer it to be taken by such creditors.

SAME—*Separate property—Husband may control same as agent—Estoppel.*— *Held,* there is no impropriety in a husband having control of his wife's separate property, as her agent; and that the doctrine of estoppel is inapplicable to married women, so far as their husbands' creditors are concerned, except to prevent them from perpetrating fraud.

SAME.—In the case of *Palmer* v. *Murray,* 6 Mont. 125, the court used the following language in commenting upon the rights of married women as to their separate property: "And if there had been no list at all, even a married woman may protect her separate property against a mere wrong-doer, such as the defendant confesses that he is." *Held,* that the said statement, while correct as a proposition of law, was unnecessary to the decision of said case, and would therefore be treated as an *obiter dictum* as to the case at bar.

COUNTY RECORDS—*Failure of recorder to enter instrument recorded, in index.*— *Held,* that no rights under a recorded instrument will be impaired or affected by the failure of a county clerk and recorder to index, or enter the same, as required by the provisions of sections 835, 836, and 838, division 5, Compiled Statutes.

INTEREST—*Unliquidated demands—Judgments—Compounding interest.*—In this action, a suit for damages for the seizure of certain personal property, the verdict of the jury allowed the plaintiff a certain sum, as the value of the property, with ten per cent interest per annum thereon from the date of the seizure. A judgment was accordingly rendered for said sum with the interest added as allowed, and it provided for interest at the legal rate authorized on judgments. *Held,* that the judgment must be reduced as to the interest allowed by the verdict, the statute (Comp. Stats. § 1237, div. 5) containing no provision for interest on a claim or demand of such a character as the one in this suit. (*Randall* v. *Greenhood,* 3 Mont. 512, cited.) *Held, also,* that "it must be reduced, for the further reason that the judgment compounds the interest, a practice for which there is no law in this Territory." (Citing, *Wilson* v. *Davis,* 1 Mont. 195; *Curtis* v. *Valiton,* 3 Mont. 153.)

*Appeal from the Second Judicial District, Deer Lodge County.*

### STATEMENT.

The plaintiff, Emma J. Palmer, whose maiden name was Lena Emma Owens, brought an action against the sheriff of Deer Lodge County, for the value of forty-five head of horses, which he had taken possession of, and sold, under the terms of a chattel mortgage, executed by William J. Palmer, plaintiff's husband, to James A. Murray, one of his creditors, embracing the said horses and other personal property. Murray was substituted as defendant in the case, for the said sheriff. The plaintiff based her claim to the horses in dispute upon a declaration of separate property (a copy of which was attached to the complaint as an exhibit) covering the same, which she had filed

in her maiden name of Lena Owens, in the office of the county clerk and recorder of Deer Lodge County, of which county she was a resident both before and after the filing, on the day of her marriage with William J. Palmer. A demurrer was interposed. It was sustained by the District Court, whereupon an appeal was taken by the plaintiff to the Supreme Court and a judgment of reversal obtained. (*Palmer* v. *Murray*, 6 Mont. 125.) The case was then brought to issue by the pleadings and tried. The answer denied plaintiff's ownership, but set up no fraud on her part in allowing the horses to be mortgaged, and to be taken and sold by the sheriff under the mortgage. On the trial, as shown by one of the bills of exceptions in the transcript on appeal, the trial court refused an offer on the part of the defendant to prove that since the marriage of the plaintiff and William J. Palmer, the two had lived together continuously on a ranch, and that said Palmer had handled, exercised control over, and borrowed money upon the horses in controversy, so that the defendant was led to believe that Palmer had a right to mortgage them to him.

The result of the trial was a verdict in favor of the plaintiff, for the value of the horses. The defendant appealed.

*William H. De Witt,* for Appellant.

In order that the plaintiff may recover in this action, or have the appeal dismissed, she must show that she is entitled to the immediate possession of the property. (*Middlesworth* v. *Sedgwick*, 10 Cal. 393; *Heyland* v. *Badger*, 35 Cal. 404–411.) At common law, the husband is entitled to the chattels of the wife. (1 Cooley's Blackstone, book 2, p. *435.) And so in Montana, unless there be a remedial statute. (Mont. Rev. Stats. p. 432, § 144.) Defendant being in possession, the presumption is that he is entitled to the property, until a better title, and one inconsistent with that of defendant, is shown in plaintiff. (*Summons* v. *Austin*, 36 Mo. 308; *Johnson* v. *Carnley*, 10 N. Y. 575; 61 Am. Dec. 762.) Unless section 866, Revised Statutes, applies, the complaint itself shows that any right the plaintiff may have had to the property became vested in her husband, who is not a party to this action, in 1872. The only standing plaintiff can have in this court must come from a compliance with the statute

aforesaid. (*Walker* v. *Reamy,* 36 Pa. St. 410; *Allen* v. *Eld-ridge,* 1 Colo. 287; *Smith* v. *Hewett,* 13 Iowa, 96; *Odell* v. *Lee,* 14 Iowa, 412; *Curry* v. *Bott,* 53 Pa. St. 400.) This case was before this court once before (6 Mont. 125); but the validity of the alleged separate list was not passed upon; it was simply decided that no list at all is necessary for a married woman to protect her property from a mere wrong-doer. The statute is indeed remedial, and the interpretation should be liberal *when the statute applies.* But before the statute applies, before there is any opportunity to interpret literally, or at all, there are certain provisions that must be complied with, and the statute being in derogation of the common law, there must be a substantial compliance with those provisions. (*Miller* v. *Steele,* 39 Iowa, 531; *Adams* v. *Knowlton,* 22 Cal. 289; *Manton* v. *Tyler,* 4 Mont. 364.) " When a list of the separate property of the wife is recorded as required by the statutes. . . . . When the statute *is complied with,* its prohibition is absolute." (Wade, C. J., in *Griswold* v. *Boley,* 1 Mont. 556–559; approved in *Boley* v. *Griswold,* 2 Mont. 452.) The recording of a marriage certificate is not to give notice to a husband's creditors that the wife has separate property, and for such purpose is a nullity. (*Mesick* v. *Sunderland,* 6 Cal. 315; *Stansell* v. *Roberts,* 13 Ohio, 148; 42 Am. Dec. 193; *Chamberlain* v. *Bell,* 7 Cal. 294; 68 Am. Dec. 260; *Moxon* v. *Wilkinson,* 2 Mont. 423.) The record of her list of separate property, when made by the plaintiff, was the record of the property of a *femme sole,* and not being required by law, was a nullity for all purposes. The object of the record is notice to the husband's creditors. (*Jones* v. *Jones,* 19 Iowa, 236; *Selover* v. *A. R. C. Co.* 7 Cal. 272; *Maclay* v. *Love,* 25 Cal. 374; *Love* v. *Watkins,* 40 Cal. 559; 6 Am. Rep. 624; *Price* v. *Sanchez,* 8 Fla. 140; *Beeman* v. *Cowser,* 22 Ark. 432; *Smith* v. *Hewett,* 13 Iowa, 96; Wells' Separate Property of Married Women, §§ 241, 242, 249.) The husband's creditors are not required to know a wife's maiden name, or to search the records therefor. If the index showed, through the fault of plaintiff herself, her maiden name of Lena Owens, instead of her married name, a searcher of the records should not be made to suffer. (*Speer* v. *Evans,* 47 Pa. St. 141; *Schell* v. *Stein,* 76 Pa. St. 398; 18 Am. Rep. 416; *Barney* v. *McCarty,* 15 Iowa, 510;

83 Am. Dec. 427; *Gwynn* v. *Turner,* 18 Iowa, 1; *Whalley* v. *Small,* 25 Iowa, 184; *Shove* v. *Larsen,* 22 Wis. 142.) The investigating creditor does not even know that the proposed husband lives in Deer Lodge County. The residence of a married woman is that of the husband. The declaration of plaintiff does not state that Palmer lives in the county where the declaration or list is filed. The case of *Berlin* v. *Cantrell,* 33 Ark. 611, is directly in point.

*Cole & Whitehill,* for Respondent.

The only point in this case is whether the declaration of separate property, made by the plaintiff on the day of her marriage in contemplation thereof, is valid. The declaration was held valid on the former appeal. (6 Mont. 125.) The question of index can cut no figure in this matter; if the proper paper has been filed and recorded as provided by law, that is sufficient. (*Bishop* v. *Schneider,* 46 Mo. 472; 2 Am. Rep. 533; *Chatham* v. *Bradford,* 50 Ga. 327; 15 Am. Rep. 692; *Commonw.* v. *Babcock,* 5 Or. 472; *Insurance Co.* v. *Dake,* 87 N. Y. 257; *Schell* v. *Stein,* 76 Pa. St. 398; 18 Am. Rep. 416.) The statute which requires a list of the separate property of a married woman to be recorded is liberally construed by the courts of this Territory, and it is enough if the statute is substantially complied with. (*Griswold* v. *Boley,* 1 Mont. 556; *Boley* v. *Griswold,* 2 Mont. 452; *Herman* v. *Jeffries,* 4 Mont. 513.) The statute provides that the list of separate property shall be filed "in the county in which such married woman resides." The list filed by the plaintiff recites the fact that she is a resident of Deer Lodge County. This satisfies the statute, as it states the county in which she resides, and in which the property, the value of which is sued for in this action, was, and where it has always remained since said filing. (See Montana authorities above cited.)

LIDDELL, J.—On the 17th of April, 1872, Lena Emma Owens married William J. Palmer, and thereafter took the name of Emma J. Palmer. On the same day she executed and filed the following declaration and list of separate property, in the recorder's office for Deer Lodge County, where she resided before, at the time of, and ever since her marriage:—

"Know all men by these presents, that I, Lena Owens, now sole and unmarried, and residing in the county of Deer Lodge, and Territory of Montana, make known by these presents, published, to whom it may concern, that I claim and hold in my separate right, as against any right, title, or interest of William J. Palmer, with whom I contemplate marriage, or as against any right, title, or interest said Palmer may acquire by virtue of the marriage to be solemnized between myself and said Palmer, of, in, and to the following described property, to wit: All of the horses, mares, colts, two-year olds, yearlings, being about sixty head of old ones, including horses, mares, two-year olds, and yearlings, and thirty-one sucking colts, now on the ranch known as the 'Palmer Ranch,' one mile above the mouth of Warm Springs Creek, on the Warm Springs Creek, about twelve miles below the town and county of Deer Lodge, Montana Territory; it being the same property described in a certain complaint in an action brought in the District Court, Second Judicial District, for said county of Deer Lodge, and Territory of Montana, entitled *Lena Owens* v. *W. W. Jones et al.*, filed in said court on the twentieth day of November, 1871, with the addition of the sucking colts.

"Dated the seventeenth day of April, 1872.

her<br>
"LENA   X   OWENS.<br>
mark

"Filed for record, April 17, 1872."

This list or exhibit was duly recorded on page 305 of Book E of Miscellaneous Records of Deer Lodge County, and the marriage certificate was also executed and properly recorded on the same day. Some time in the fall of 1883, Palmer, the husband, executed a chattel mortgage in favor of James A. Murray (for five thousand dollars with interest) on one hundred and seventy-five head of horses branded " P " on left shoulder, and sixty-five head of cattle branded "P" on the jaw and left side, the horses and cattle being then on the Palmer range, on Warm Springs Creek. When this note became due, in 1884, Murray, under authority contained in the mortgage, had the property seized and sold by James B. McMaster, the sheriff of the county. Among the property sold were forty-five head of stock horses,

branded "P" on the left shoulder, and claimed by the present plaintiff. Mrs. Palmer, on the 21st of April, 1885, instituted this suit against the sheriff aforesaid to recover four thousand five hundred dollars, the value of the forty-five head of stock horses seized as above set forth. In her complaint she alleges that the horses above described were the original stock and increase as set forth in the list filed by her on the 17th of April, 1872; that the property was and is her own and not liable for her husband's debts; that she caused to be executed and filed in the recorder's office of Deer Lodge County the list and declaration above referred to; that the act of the sheriff in taking and depriving her of the possession of the property was unlawful, wrongful, and without her consent. She makes the recorded list a part of her complaint; and avers that she was married to W. J. Palmer on the seventeenth day of April, 1872, and is the Lena Owens mentioned in the list. The present defendant had himself substituted in place of McMaster, the sheriff, against whom the suit was originally brought, and straightway filed a demurrer to the complaint, which being sustained, the complainant appealed the case to the Supreme Court, where the judgment of the lower court was reversed, and the cause remanded for a new trial. (See *Palmer* v. *Murray*, 6 Mont. 125.) The defendant then filed his answer, and denies that there has been any compliance with the law which requires the married woman to record a list of her separate property, avers the execution of the mortgage referred to, and the taking of the property in dispute, and its sale to satisfy the same; and finally puts the wife upon proof of her ownership of the property. And we here remark that the answer contains no averment or intimation of fraud, actual or constructive, on the part of the wife, and no knowledge or consent to the mortgage; nor does the answer allege that the defendant parted with any money in consideration of the mortgage; and for aught that appears from the complaint, the hypothecation may have been made for a pre-existing indebtedness of the husband. The case was tried on its merits, and resulted in a verdict for the plaintiff for $1,785, with ten per cent interest thereon from the fourth day of May, 1884, the date of the illegal seizure, and a consequent judgment thereon for $2,151, with legal interest from its date. From the judgment

and order refusing a new trial the present appeal is prosecuted. During the trial the plaintiff offered in evidence the original declaration and list of separate property which she had caused to be filed; to which the defendant's counsel objected, for the reason that the document offered was not a compliance with the law in this: "that it does not appear to have been executed by a married woman, but on its face shows that it was executed by an unmarried woman; and for the further reason that it was executed by one Lena Owens, and not, as it should be, by Emma J. Palmer, the plaintiff; and that the description in the list is too vague and indefinite to found any rights upon, and was, therefore, irrelevant and immaterial." The objection being overruled, the defendant reserved a bill of exceptions, and insists upon its validity with zeal and ability. Many other exceptions were taken, but we do not deem them of sufficient importance to deserve consideration; for, after a careful examination of the transcript, the proof is overwhelming that the property in dispute is that of the wife, and the judgment must stand, if the declaration was a substantial and valid compliance with the law. Both in brief and oral argument counsel for appellant have abandoned all other defenses than the point reserved in the bill of exceptions, as above stated, and admit that the verdict must stand if the declaration is good and valid under the law.

Before considering the objections it will be necessary to examine the decision of the case as reported in 6 Mont., and find out what was there decided. By referring to that case, it will be found that Chief Justice Wade, as the organ of the court, incorporated into his opinion the declaration and list filed; and that he commented upon the sufficiency of the declaration, saying: "Here was an honest attempt, made in good faith, by a woman upon the eve of her marriage, to secure for herself, and protect from her husband's debts, the property she then owned in her own right. The list was filed and recorded in her maiden name, but she was careful to give notice to the public of her intended marriage with William J. Palmer." The objection of the defendant that the list is signed by Lena Owens instead of by the plaintiff, Mrs. Palmer, is certainly disposed of, and was evidently under consideration when the learned judge wrote the opinion, else he would never have used the expressions referred

to. The demurrer to the complaint raised all the questions which were apparent upon the face of the complaint and list. An absence of any or all description in a list filed would, perhaps, be ground for its exclusion; but where the description is merely imperfect, it is proper to admit the list, and let the jury decide from the evidence. It must be borne in mind that the law does not require a description of the separate property, but merely a list thereof, to be filed. In that respect there has been a complete compliance with the law; for the plaintiff has specified the number and kind of animals, their range and locality, and further referred to an accurate description of them as on file in the record of a certain suit in the District Court of the county in which she resides.

Under the common law, the personal property of the wife became the property of the husband upon his reducing it to his possession, and it might be taken to pay his debts. So completely did the wife endow him with this species of property by marriage, that to a certain extent she lost her identity and rights. The rigor of the law in this respect has been relaxed in many of the States, and, under the advancement and influence of such legislation, the legislature of Montana has enacted similar laws for the protection of the property and rights of married women. (See Comp. Stats. Gen. Laws, § 1432.) And as was well said in the case of *Griswold* v. *Boley*, 1 Mont. 556: " In all proper cases, the court will carry the law into execution." Whenever there is an honest endeavor and substantial compliance with the law, the court will not permit the wife's property to be taken for the payment of the husband's debts; for no particular form of list is required by law. The questions presented by the defendant's bill of exceptions were certainly all apparent upon the face of the paper, and came properly before the court upon argument of the demurrer: (1) Could a declaration and list, filed by an unmarried woman in contemplation of marriage, protect her property from the pursuit of her intended husband's creditors after the marriage? (2) Could a declaration and list signed by Lena Owens protect her property from the pursuit of her husband's creditors, when after marriage she assumed the name of Emma J. Palmer? (3) Was the description in the list filed sufficient? Evidently all of these questions

were before the court in 1886, when the demurrer was over-
ruled, and the case remanded. Whether these questions were
correctly decided, it is not our province to determine. They
have been passed upon by this court, either directly or indirectly,
and are now *res adjudicata.* There must be an end of litiga-
tion; and when questions of law are once presented by demurrer,
and passed upon by this court, they will not be reviewed again
on appeal, though reserved in -a bill of exceptions taken upon
the trial of the case on its merits. That decision has now
become the law of the case in all of its stages, and cannot be
departed from, so far as the questions of law or fact are con-
cerned, which were therein presented for review or decision.
(*Gates* v. *Salmon,* 46 Cal. 361; *Brady* v. *Kelly,* 54 Cal. 590.)

The defendant has called our attention in the brief to the
possibility of a creditor being misled by the index of the
recorder's office. Such a thing is possible. The recorder may
not properly index a mortgage, sale, or married woman's decla-
ration and list, although it is made his duty to correctly index
all papers and documents which the law requires to be recorded
(Comp. Stats. Gen. Laws, §§ 835, 836, 838); but it will not
be contended for a moment that his failure to perform his duty
in this respect will destroy or affect the rights of parties whose
documents have been properly filed and recorded. The book in
which the acts are required to be recorded is the place for third
persons to inquire, and not the index, which is merely for the
convenience of persons investigating the records. An act may
be properly indexed, but not filed or recorded; while, to affect
third persons, it must be filed and recorded. After an exami-
nation of the sections referred to, we fail to see how any creditor
searching the records could fail to be put upon his guard by
reading the declaration of Lena Owens, or to have been like-
wise informed sufficiently had the declaration been properly
indexed. The records of the recorder's office declared the fact
that Lena Owens was the owner, or claimed to be, of certain
property therein mentioned; that she contemplated marriage
with W. J. Palmer; that she did marry him on the day she
filed the declaration of sole ownership; and she thereby notified
the world that she was unwilling that her property should be
taken without her consent to pay the creditors of her husband.

We see no impropriety in the husband's controlling the wife's property so long as she may choose. In fact she may make him her agent in that respect, and no one has the right to complain. Some stress has been laid upon the fact that the property was in the husband's control at the time the mortgage was given. There is nothing deserving of consideration in the point. "The wife is not bound to publish the fraudulent conduct or the false assumptions of her husband." (*Griswold* v. *Boley*, 1 Mont. 559 ; *Bank* v. *Lee*, 13 Peters, 107 ; *Morrison* v. *Wilson*, 13 Cal. 495 ; 73 Am. Dec. 593.)

The doctrine of estoppel is inapplicable to married women, except to prevent them from perpetrating a fraud. When one has recorded her declaration and list, mere silence will not estop her. We cite the cases above referred to with approval, and hold that the actual or apparent possession by W. J. Palmer, at the time of the mortgage of the property named in the recorded list, will not, under the circumstances, estop the wife from disputing with the husband's creditors this right to take her property to pay his debts. Counsel for appellant with great earnestness urge that the only point decided in the opinion of the Supreme Court in this case was that, as against a mere naked trespasser, the wife might maintain the action ; and, in support of this view, they cite the last expression in the opinion, where the judge says : "And if there had been no list at all, even a married woman may protect her separate property against a mere wrong-doer, such as the defendant confesses that he is." We are unable to concur in this construction of the opinion, for it completely ignores all reasoning of the court, and places the conclusion upon a *dictum* or proposition in itself correct, but which was entirely unnecessary to be considered in the decision upon the demurrer, and may therefore be treated as *obiter.* In construing the complaint and list annexed, the court no doubt looked at them as a whole ; and in doing so there is no escape from the conclusion that Mrs. Palmer claimed the right to recover, not because it, was her separate property, but for the reason that as a wife she had properly protected it from the pursuit of her husband's creditors by filing the list as required by law. Obviously, in contemplation of law, the property belonged to the husband, unless the wife had taken the proper

steps to preserve it as her separate property, not liable for his debts. She based her right to recover solely upon the ground that the declaration and list having been filed, the property was not liable to be taken without her consent. We know of no law at that time which would allow the wife to maintain such a suit without these necessary allegations. On page 127 of the opinion referred to we find this expression: "If this action concerns the separate property of a married woman, she may sue alone (Code, § 7); and whether the property described in the complaint belongs to the plaintiff depends upon her having substantially complied with the statute of the Territory relating to the property of married women."

The verdict of the jury allowed the plaintiff $1,785, with legal interest thereon from the date of the seizure, which is fixed in the judgment as the 4th of May, 1884; and by computation the amount is stated in the judgment appealed from to be $2,151, for which sum, with ten per cent interest thereon from date, a judgment is entered, thus compounding the interest. No complaint is made as to the right of the plaintiff to interest beyond the judgment. Interest is a mere creature of the statute, and is enforced whenever the agreement or contract therefor is sanctioned by the law; and, in the absence of any agreement or contract, the law fixes the rate, and specifies the cases in which it will be allowed. In the present instance, the suit is to recover damages for an unliquidated amount, and contains no contract or agreement for the payment of interest. This court held, in *Randall* v. *Greenhood*, 3 Mont. 512, that the law did not allow interest upon such a demand until after judgment, and struck out of the judgment the amount allowed by the verdict. (Citing, *Isaacs* v. *McAndrew*, 1 Mont. 454.) It must also be reduced in this instance, for the further reason that the judgment compounds the interest, a practice for which there is no law in this Territory. (*Wilson* v. *Davis*, 1 Mont. 195; *Curtis* v. *Valiton*, 3 Mont. 153.) It is therefore ordered that the judgment appealed from be reduced from $2,151 to $1,785, and thus amended, it is affirmed, respondent paying costs of this appeal.

*Judgment affirmed.*

McCONNELL, C. J., and DE WOLFE, J., concur.